UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-cr-00005-LK |
| Plaintiff, | ORDER DECLINING TO ADOPT R&R REGARDING BRANDEN TRAGER'S PLEA OF GUILTY |
| v. | |
| BRANDEN TRAGER, et al., | |
| Defendants. | |

    This matter comes before the Court on Magistrate Judge David W. Christel's Report and Recommendation (R&R), Dkt. No. 29, which recommends that this Court accept Defendant Branden Trager's Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), Dkt. No. 26. The Court previously requested supplemental briefing regarding whether it could accept the Plea Agreement despite the fact that (among other problems) it does not specify the statutory subsections to which Mr. Trager is pleading guilty. Dkt. No. 35 at 1–2.

    Mr. Trager contends that the Court should accept his guilty plea because "the Joint Factual Statement" attached to the plea agreement "correctly identifies the Lacey Act subsections charged in the Superseding Information." Dkt. No. 38 at 3. The Government did not comply with the

1  Court's directive to file a supplemental brief, but Trager indicates that it "supports [his] request"
2  that the Court accept the Plea Agreement. *Id.* at 4.

3        Federal Rule of Criminal Procedure 11(b)(1) lists various requirements that must be met
4  "[b]efore the court accepts a plea of guilty." As relevant here, these requirements include that the
5  defendant has been informed of and understands "the nature of each charge to which the defendant
6  is pleading[.]" Fed. R. Crim. P. 11(b)(1)(G). The Court must also determine that there is a factual
7  basis for the plea. Fed. R. Crim. P. 11(b)(3).

8        Here, nothing in the Plea Agreement—including the attached Statement of Facts—
9  unambiguously identifies the crimes to which Mr. Trager is pleading guilty. As the Court
10 previously noted, Count 1 of the Superseding Information charges Mr. Trager with "violation of
11 Title 16, United States Code, Sections 3372(a)(1), 3372(a)(2)(A), 3372(a)(4), and 3373(d)(2), and
12 Title 18, United States Code, Section 2." Dkt. No. 23 at 2. In his Plea Agreement, Mr. Trager
13 pleads guilty to "the charge contained in the Superseding Information," which he describes as
14 "Lacey Act Trafficking, in violation of Title 16, United States Code, Sections 3372 and 3373."
15 Dkt. No. 26 at 1. The Plea Agreement does not specify the subsections to which Mr. Trager pleads
16 guilty, nor does it specify that he is pleading guilty to any violation of Title 18. The Statement of
17 Facts does not salvage this deficiency. Various paragraphs generally describe actions that the
18 Lacey Act and Migratory Bird Treaty Act—including the subsections at issue here—make
19 unlawful. Dkt. No. 26-1 at 1–2. Other paragraphs describe actions that Trager took, *id.* at 4, but
20 never expressly state that these actions were in violation of the relevant subsections. *See United*
21 *States v. Blouin*, 74 M.J. 247, 252 (C.A.A.F. 2015) (where relevant documents "all fail to establish
22 which subsection [the defendant] was charged under and which subsection he pled guilty to," there
23 "exists a substantial basis in law and fact to question the providence of the guilty plea").

24

Because the record does not adequately reflect that Mr. Trager has been informed of and understands "the nature of each charge to which [he] is pleading," Fed. R. Crim. P. 11(b)(1)(G), the Court DECLINES to adopt the R&R, STRIKES the sentencing hearing scheduled for October 16, 2025, Dkt. No. 31, and REINSTATES the pretrial scheduling order, Dkt. No. 21.[1] This Order is without prejudice to the parties executing a new plea agreement that adequately identifies the crimes to which Mr. Trager pleads guilty. The Clerk is directed to send a copy of this Order to Judge Christel.

Dated this 21st day of August, 2025.

*Lauren King*

Lauren King
United States District Judge

---

[1] The Pretrial Motions deadline has passed.